UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81570-ROSENBERG

THE NORTHWESTERN
MUTUAL LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

SARA ABDO,

    Defendant.

_____/

### ORDER STAYING THE DEFENDANT'S COUNTERCLAIMS AND TERMINATING ALL PENDING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on two pending motions to dismiss at docket entries 55 and 56. The Plaintiff filed responses to both motions. For the reasons set forth below, the Court terminates the motions to dismiss and stays the Defendant's counterclaims.

This is a case about life insurance proceeds—who gets them? The Defendant's deceased father previously entered into a martial settlement agreement with his ex-wife, wherein the father agreed to "obtain or maintain" a life insurance policy for the benefit of his children—for the Defendant. DE 55-1 at 2. At the time of his death, however, the Defendant was not the named beneficiary of the policy; someone else was named. DE 54 at 10. The Plaintiff insurance company decided to pay benefits to *both* the named beneficiary *and* the Defendant. DE 1. In this lawsuit, the Plaintiff seeks to claw back the benefits that it paid to the Defendant. *Id.*

In her amended counterclaim, the Defendant contends that the Plaintiff and a third-party insurance agent should pay her damages. There is a critical premise underlying the Plaintiff's counterclaims, however, and that is that she was (and is) lawfully entitled to the policy benefits. But that issue is precisely what the Plaintiff's suit will decide. If the Defendant is not entitled to

any policy benefits, as the Plaintiff contends, her counterclaims premised upon the opposite contention would necessarily fail.[1]  The Court therefore exercises its case management discretion to **STAY** the Defendant's counterclaims, as the Court reasons that legal fees on those counterclaims should not accrue until the Court has had the opportunity to rule on the correct beneficiary of the life insurance proceeds—a question of law which the Court expects will be raised in forthcoming motions for summary judgment.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that all pending motions to dismiss are **TERMINATED** and the Defendant's Counterclaims are **STAYED**.  Once the Court rules on the proper beneficiary of the life insurance proceeds, the Court will lift the stay imposed in this Order and, if necessary, order additional briefing on the legal sufficiency of the Defendant's counterclaims.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of September, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[1] At a minimum, the Defendant's counterclaims would have to be substantially amended or altered.